**Pedro Antonio Montes VELOZ; Estela Maria Hernandez de Montes, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**Nos. 05–74050, 06–70451, 06–73876.**

United States Court of Appeals, Ninth Circuit.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Nov. 13, 2007 *.

Filed Nov. 26, 2007.

Teresa Salazar, Law Offices of Martin Resendez Guajardo A Professional Corporation, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Robbin K. Blaya, Esq., San Francisco, CA, Richard Zanfardino, Doj—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

In these consolidated cases, Pedro Antonio Montes Veloz and Estela Maria Hernandez de Montes, natives and citizens of Mexico, petition for review of three Board of Immigration Appeals ("BIA") orders: one denying their first motion to reopen underlying cancellation of removal proceedings based on *Lanza v. Ashcroft*, 389 F.3d 917, 926 (9th Cir.2004) (No. 05–74050); one denying their second motion to reopen based on exceptional circumstances (No. 06–70451); and one denying their motion to reconsider the denial of their second motion to reopen (No. 06–73876). To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider and a motion to reopen. *See Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005). We dismiss

the petition for review in 05–74050, and deny the petitions for review in 06–70451 and 06–73876.

We lack jurisdiction over the BIA's denial of petitioners' first motion to reopen because petitioners fail to state a colorable due process claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("Although we retain jurisdiction to review due process challenges, a petitioner must allege at least a colorable constitutional violation."); *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848–49 (9th Cir.2003).

Petitioners have waived any right to challenge the BIA's denial of their second motion to reopen. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (holding issues which are not specifically raised and argued in a party's opening brief are waived).

The BIA did not abuse its discretion when it denied petitioners' motion to reconsider because petitioners failed to identify any error of fact or law in the BIA's decision denying their second motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc); *see also Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002) (noting that "the decision of the BIA whether to invoke its *sua sponte* authority is committed to its unfettered discretion") (italics and internal citations omitted).

Petitioners did not file a petition for review of the BIA's August 30, 2004 order reducing their voluntary departure period. Their reliance on *Padilla–Padilla v. Gonzales*, 463 F.3d 972 (9th Cir.2006) is therefore misplaced.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

No. 05–74050: PETITION FOR RE-VIEW DISMISSED.

Nos. 06–70451 & 06–73876: PETITIONS FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.